UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH EDGAR DUNKIN,

          Plaintiff,

-vs-                                        Case No. 5:09-cv-459-Oc-31TBS

FNU PEREZ, ESMOND E. BLANTON,

          Defendant.
_____/

## **O R D E R OF DISMISSAL**

Plaintiff, a federal inmate proceeding *pro se*, initiated this case by filing a Civil Rights Complaint pursuant to Bivens v. UnknownFed. Narcotics Agents, 403 U.S. 388 (1971). (Doc. 1). Plaintiff subsequently filed a Fourth Amended Complaint, which is before the Court for review. (Doc. 68). Defendants have filed Motions to Dismiss the Fourth Amended Complaint. (Docs. 115, 117). Plaintiff has filed Responses to the Motions to Dismiss, and claims that his case should proceed. (Docs. 134-137, 139-147). The case is ripe for review.

## **Discussion**

Plaintiff makes numerous allegations regarding Defendants' failure to provide medical care and protection to Plaintiff, and Defendants' mail fraud, conspiracy, theft, confiscation of legal mail, harassment, and sexual assault. (Doc. 68). Plaintiff seeks monetary damages, transfer to a medium or low security facility, dental implants, a pardon or reduced sentenced, and an order directing that the retaliation cease. Id. In response, Defendants assert that the case should be dismissed because Plaintiff has not properly exhausted his administrative remedies.

> The Prison Litigation Reform Act provides as follows:
>
> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement."[1] In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted."[2] Completely eliminating judicial discretion, this provision instead mandates strict exhaustion.[3] Section 1997e(a) does not say that exhaustion of administrative remedies is required before a case may be decided, but rather before it may be brought.

The Bureau of Prisons (BOP) makes available to its inmates a three level administrative remedy process if informal resolution attempts are unsuccessful.[4] The administrative remedy

---

[1] Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures).

[2] Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d at 1326).

[3] See Booth v. C.O. Churner, 532 U.S. 731, 736 (2001).

[4] 28 C.F.R. § 542.10, et seq.

2

process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal by filing a Regional Administrative Remedy Appeal with the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For an inmate at the Federal Correctional Complex in Coleman, Florida, this appeal would be filed with the Southeast Regional Office of the BOP in Atlanta, Georgia.) Finally, if the Regional Office denies relief, the inmate can appeal that decision to the Office of General Counsel via a Central Office Administrative Remedy Appeal.

A prisoner must exhaust <u>all available</u> administrative remedies before filing an action in federal court.[5] In order to accomplish exhaustion, the inmate must comply with "all steps that the agency hold out, and doing so properly (so that the agency addresses the issues on the merits.)"[6]

Moreover, Section 1997(e) expressly provides that its exhaustion requirement applies to actions brought under Section 1983 or any other law, and, therefore, by its terms, clearly applies to a federal prisoner's <u>Bivens</u> action.[7]

In the instant case, Defendants assert that Plaintiff has never properly exhausted his claims "for the requisite review," even though the Bureau of Prisons' records reflect that Plaintiff understands the administrative process as evidenced by the fact that he has filed numerous requests since 2004. (Doc. 117). In response, Plaintiff states that his requests and/or appeals have

---

[5] <u>Higginbottom v. Carter</u>, 223 F.3d 1259, 1261 (11th Cir. 2000).

[6] <u>Woodford v. Ngo</u>, 548 U.S. 81, 88 (2006).

[7] <u>Alexander v. Hawk</u>, 159 F.3d 1321 (11th Cir. 1998).

3

disappeared, that the BOP has deleted the administrative records, copies of documents reflecting the administrative remedy process have been confiscated "in foul play," the BOP records "what they want," and that Defendants are lying to the Court. (Docs. 134, 137, 139).

However, the record before the Court belies Plaintiff's argument. In fact, the record presented to the Court provides a concise and extensive overview of Plaintiff's administrative grievances, the stage of each grievance, and the BOP's responses to the grievances. (See Doc. 117, Exs. 2-3). The record also shows that while Plaintiff has filed many administrative complaints, he has failed to properly exhaust these claims through the administrative process. See id.

For example, in one of the many Responses to the Motion to Dismiss, Plaintiff has attached a copy of the "Administrative Remedy Generalized Retrieval Sanitized Format," which reflects the activity on Plaintiff's remedy number 603169-A1. (Doc. 143). It appears that Plaintiff has provided this document to the Court because it states that Plaintiff's request for transfer was rejected on August 17, 2010, which allegedly proves exhausted. However, a review of the "full screen format" of this record shows that, while the BOP initially rejected the claim, Plaintiff was actually advised that he must start the process by filing a BP-9. (Doc. 117, Ex. 3). There is nothing in the record to reflect that Plaintiff submitted the BP-9 form as directed and that the claim was finally denied as required under the administrative process.

Upon review of the record, there is simply no support for Plaintiff's contention that his requests have disappeared or that the BOP is deleting the record in retaliation for Plaintiff's claims. Additionally, the Court finds no support for Plaintiff's claim that he has been prohibited from

sending out his legal mail. (Doc. 68). Instead, it is clear from the expansive record in this case that Plaintiff has had adequate access to the mail.

Moreover, the Court agrees with Defendants that Plaintiff is fully aware of the requirement that he must <u>exhaust</u> his administrative remedies before bringing suit. Indeed, Plaintiff's previous complaint was dismissed for the same reason.[8] Even though Plaintiff now concedes that he is aware of the entire administrative process (Doc. 147), there is nothing to show that the claims before the Court were properly exhausted or that Plaintiff was somehow prohibited from completing the requisite procedure.

Finally, with respect to Defendant Dr. Blanton, Plaintiff claims that he received dental treatments from this dentist during his incarceration, and that he suffered as a result of the treatment. (Doc. 68). According to the Motion to Dismiss, Dr. Blanton is a dentist/oral surgeon who does not contract with the federal correctional complex or provide regular or routine dental treatment to any of the inmates at the federal correctional complex. (Doc. 116). Defendant Dr. Blanton contends that the claims against him are also due to be dismissed because the allegations against him fail to sufficiently state a claim. (Docs. 115, 116). Plaintiff has filed Responses to the Motion, which largely include correspondence to Defendant Blanton regarding his alleged misconduct. (Docs. 141, 142). Within the correspondence, Plaintiff claims that Defendant Blanton has a contract with the BOP, and that he is responsible, in part, for Plaintiff's suffering. (Doc. 141).

---

[8]<u>See</u> <u>Dunkin v. Lt. Perez, et. al.</u>, 5:09-cv-325-SDM-GRJ (M.D. Fla. 2010) (dismissing Plaintiff's case without prejudice for failure to exhaust the BOP administrative process).

Upon due consideration, the Court finds that the claim against Defendant Blanton is due to be dismissed because he is a private citizen and not subject to suit under Bivens.[9] Assuming *arguendo* that Defendant Blanton is a proper defendant in this case and Plaintiff may proceed under Bivens, the Court still finds that Plaintiff has not demonstrated that he has exhausted his claims against this individual.

Further, while Plaintiff has named Defendants FNU Harris and Jones, there is no record that these individuals have been served in this case, or that Plaintiff has exhausted his administrative remedies with respect to the claims associated with these individuals.[10]

**Conclusion**

Based on the foregoing, it is

**ORDERED** that the Fourth Amended Complaint (Doc. 68) is **DISMISSED.** The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

---

[9] O'Brien v. United States of America, 2005 U.S. App. LEXIS 13158 (11th Circ. 2005) (finding that under Bivens, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of federal law); See also Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001) (refusing to allow a Bivens claim against a halfway house operated by private entity under contract with the Bureau of Prisons); Charlot v. Corr. Corp. Of Am., 2011 U.S. Dist. LEXIS 32265 (S.D. Ga.) (finding that it is doubtful that Bivens should be applied to private citizens) (citing Holly v. Scott, 434 F.3d 287 (4th Cir. 2005).

[10] See Howard v. Henderson, 2006 U.S. Dist. LEXIS 644 (M.D. Fla. 2006) (finding that exhaustion is not an affirmative defense, but a condition precedent to filing suit.)

6

DONE and ORDERED at Orlando, Florida this 12th day of December, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to: Joseph Edgar Dunkin
Counsel of Record